IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHRYN HUNTER, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 17-2141 |
| | § | |
| SELECT PORTFOLIO SERVICING, | § | |
| INC., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

In this foreclosure-related suit, Plaintiffs Kathryn Hunter and Michael Hunter proceed *pro se*. Defendant Select Portfolio Servicing, Inc. ("SPS"), and "Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2004-HE9, Mortgage Pass-Through Certificates, Series 2004-HE9" ("Deutsche Bank") (collectively, Defendants) have filed a Motion for Summary Judgment [Doc. # 11] ("Motion"). The Motion seeks dismissal of all claims. Plaintiffs have not responded, and the time to do so has expired. Having considered the pleadings, motions, briefing, relevant legal authority, and all matters of record, the Court **grants** Defendants' Motion and **dismisses** this action under Rules 41 and 56.

I.   **BACKGROUND**

On July 22, 2004, Plaintiffs executed a Note in the amount of $156,510 and a Deed of Trust in favor of Aames Funding Corporation d/b/a/ Aames Home Loan. *See* Deed of Trust (Exhibit A to Motion). The Deed of Trust pertained to the property at 4019 Kelsey Trail Lane, Houston, Texas 77047 (the "Property"). The mortgage was assigned to Defendant Deutsche Bank in 2011. *See* Corporation Assignment of Deed of Trust (Exhibit B to Motion). Defendant SPS was the mortgage servicer at all times relevant to this suit.

On July 3, 2017, Plaintiffs filed this suit in the 234th Judicial District Court of Harris County, No. 2017-44189, seeking to prevent foreclosure on the Property. *See* Petition [Doc. # 1-1]. The entire factual basis of Plaintiffs' suit is that Defendants sent them foreclosure documents with an inaccurate address.[1] The state court enjoined the scheduled Trustee's sale. On July 13, 2017, Defendants timely removed the case, invoking this Court's diversity jurisdiction. Notice of Removal [Doc. # 1].

---

[1] Plaintiffs' Petition complains that "the physical address on the Notice of Acceleration and Posting that [Plaintiffs] received is inaccurate," that Defendants "refus[ed] to review loan documentation submitted by Plaintiffs," and that Defendants have "continu[ally] mishandl[ed] duties & responsibilities as outlined and required by Mortgage Services." Petition, at 2. Plaintiffs assert a "cause of action against defendant[s] for continued failure following [sic] proper mortgage servicing guidelines, and a probable right to the relief sought in this action." *Id.* They seek injunctive relief "restraining [Defendants] from proceeding with Trustee Sale, an order requiring Defendants to provide them with documents pertaining to their loan, costs of suit, and other relief to which they may be entitled. *Id.* at 2-3.

The parties agree that the Deed of Trust and the foreclosure documents incorrectly listed the Property's physical address as 4019 Kelsey Trail <u>Drive</u>, Houston, Texas 7704<u>6</u>, rather than 4019 Kelsey Trail <u>Lane</u>, Houston, Texas 7704<u>7</u>. *See* Motion, at 2 (citing Deed of Trust); Petition, at 2 (discussing foreclosure documents).

On October 2, 2017, this Court held a pretrial conference. The Court's Hearing Minutes and Order [Doc. # 8] reflect the Court's instructions that Defendants correct the Property address, and file proof of the change through affidavit, within three weeks. The Minutes further reflect that Defendants had agreed to make a loan modification offer to Plaintiffs within three weeks and, if Plaintiffs did not accept the offer in writing, Defendants would file a motion for summary judgment.

On October 23, 2017, Defendants filed a Status Report [Doc. # 10]. Defendants advised the Court that Defendant SPS had corrected the Property address in its loan records and that Defendants had extended a settlement offer to Plaintiffs on October 9, 2017.

On November 30, 2017, Defendants filed their Motion seeking dismissal of this suit. Defendants maintain that the incorrect Property address in the records has been corrected. The Motion attaches an affidavit from the Document Control Officer at SPS averring that, on October 2, 2017, the Property address was corrected in SPS

records. *See* Affidavit of Sherry Benight (Exhibit C to Motion). The Motion also attaches an affidavit filed with Harris County Real Property Records to correct the Property address in the Deed of Trust. *See* Affidavit of Correction (Exhibit D to Motion). The Affidavit of Correction bears Plaintiffs' signatures, dated November 1, 2017, reflecting their agreement with the correction.

Plaintiffs did not file a response to the Motion by the December 21, 2017, deadline. On January 3, 2018, the Court entered an Order [Doc. # 12] instructing Plaintiffs to file any response on or before January 24, 2018. The Order warned that "**failure to respond as ordered by the deadline will result in dismissal of this lawsuit**." *Id.* (emphasis original). To date, Plaintiffs have not filed a response.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(a); *see Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002); *Chambers v. Sears, Roebuck and Co.*, 428 F. App'x 400, 407 (5th Cir. June 15, 2011). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.

*Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III. ANALYSIS

As stated in the Background section above, Plaintiffs' suit is based solely on the inaccurate address for the Property reflected in Defendants' foreclosure documents with an inaccurate address. Plaintiffs sought an injunction against the foreclosure sale, which the state court granted on July 3. Since that time, as reflected in affidavits attached to the Motion, Defendants have corrected the Property address and Plaintiffs have agreed with the correction in the Harris County property records. *See* Exhibits C & D to Motion. Plaintiffs have not claimed that they have suffered any harm from the previous error.

Viewing all facts of record in the light most favorable to Plaintiffs, Plaintiffs have not demonstrated a genuine issue of material fact as to any claim before this Court. Plaintiffs have asserted no claims other than those based on the inaccurate address, which since has been corrected. Summary judgment is granted for Defendants, and all pending claims are dismissed.

In addition, the Court dismisses this case because Plaintiffs' failure to prosecute this action forces the Court to conclude that he lacks due diligence. Plaintiffs have not filed a response to the Motion, despite this Court's warning that "**failure to respond**

**as ordered by the deadline will result in dismissal of this lawsuit**." *See* Order [Doc. # 12] (emphasis original). Under the inherent powers necessarily vested in a district court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440-41 (5th Cir. 2016) (a district court may dismiss an action *sua sponte* for failure to prosecute or to comply with any court order).

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 11] is **GRANTED**. All of Plaintiff's claims are **DISMISSED with prejudice** pursuant to Rules 41(b) and 56.

A separate final judgment will issue.

**SIGNED** at Houston, Texas, this 30th day of **January, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE